# **EXHIBIT A**

**Marco M. Agostini, ESQ.**
**16 Silver Hill Lane**
**V0ORHEES, NJ 08043**

CORP LAW DEPT
JUL 2 7 2009

tel. (856) 784-9790

July 20, 2009

**General Counsel, Legal Department**
**TRANSAMERICA**
4333 Edgewood Road NE
Cedar Rapids, IA 52499
Attn: Annuities Legal Department

Re: Marco Agostini v Dreyfus and Bank of New York Mellon
    Superior Court of New Jersey, Camden County
    Docket # L- 3397-09  **LAWSUIT**

Dear General Counsel:

Enclosed please find a copy of the Lawsuit filed on July 2, 2009 in the Superior Court of New Jersey, Camden County.
**The action arose out of an** Annuity Contract # 7867824 packaged by Dreyfus and the Bank of New York and issued by Transamerica.

Service of Process can be accepted by your office on behalf of your clients, Dreyfus and Bank of NY Mellon and affected through the New Jersey Department of Banking and Insurance for the other defendants as well.

Your portion of the claim could be settled for $99,000.00 without prejudice.
Written Interrogatories and Notice of Depositions should be forwarded to you soon.

I look forward to discuss the possibility of a settlement with you prior to incurring considerable time and expenses

Awaiting to hear from your office, I remain,

Sincerely,
Marco Agostini

# **EXHIBIT B**

MARCO AGOSTINI                                                                    p.1
16 Silver Hill Lane
Voorhees, NJ 0804
Tel. (856)784-9790

| | |
|---|---|
| MARCO AGOSTINI | : SUPERIOR COURT OF NEW JERSEY |
| Plaintiff | : |
| v. | : |
| TRANSAMERICA, OCCIDENTAL | : LAW DIVISION |
| LIFE Ins., AEGON GROUP, | : |
| DREYFUS CORP., MELLON | : |
| ADVISORS, STEVE MILLNER | : COUNTY OF CAMDEN |
| CHRISTOPHER CIERSKI, | : |
| JOHN DOE NUMBER 1 | : |
| THROUGH 10, UNKNOWN | : Docket No. |
| DEFENDANTS, and BANK OF NEW | : L-003397-09 |
| YORK MELLON, a Holding Company | : |
| Defendants | : |

The Plaintiff, MARCO AGOSTINI, residing at 16 Silver Hill Lane, Voorhees, New Jersey 08043, by way of Complaint deposes and says, that:

### FIRST COUNT

1. On or about June 7, 2000, the **Plaintiff MARCO AGOSTINI** signed *in blank* an Application for a Variable Annuity with the **Defendant STEVE MILLNER**, which subsequently Defendant Millner filled out in his office, **causing contract No. 7867824 known as Transamerica Dreyfus Triple Advantage**, to be issued by the Defendants to the **Plaintiff MARCO AGOSTINI on July 20th, 2000.**

2. The aforesaid Variable Annuity had not been approved by the Insurance Department of the State of New Jersey nor by the Internal Revenue Service prior to its issuance, nor the **Defendant STEVE MILLNER**, an Agent and Employee of the Defendants, was duly licensed to transact business in the State of New Jersey.

3. The **Defendant STEVE MILLNER** misrepresented himself as a salaried employee and investment advisor of **Defendant DREYFUS CORP.**, through its **Division of MELLON ADVISORS**, the aforesaid Company subsequently purchased in its entirety by the **Defendant BANK of NEW YORK MELLON**.

4. The **Defendant, STEVE MILLNER**, was instead a *salesman working on large commissions* generated by the sale of Variable Annuities and other investment products sold by the Defendants.

p.2

5. The Variable Annuity was **unsuitable** as an investment by the Plaintiff for his retirement due to his advanced age, it had no tax advantage as the money invested were already in an IRA, the exorbitant fees charged by the Defendants, including a 3% annual premium for a life insurance not requested by the Plaintiff, it was mismanaged by the Portfolio and Fund Managers employed by the Defendants, the Defendants provided no strategy Plans and no Investment Advise to the Plaintiff, neither by the Defendant Steve Millner nor by his various Supervisors..

6. The investment resulted in a significant money loss to the Plaintiff

**WHEREFORE, the Plaintiff, MARCO AGOSTINI**, demands a judgment against all of the Defendants, **TRANSAMERICA, DREYFUS CORP. STEVE MILLNER, AEGON GROUP, AON INSURANCE, THE BANK OF NEW YORK MELLON and all the UNKNOWN DEFENDANTS**, jointly, severally and in the alternative, in accordance with the laws of the State of New Jersey, as follows:

    **a. a refund of the original purchase price of the contract of $159,316.15**
    **b. a reasonable return on its investment**
    **c. whatever relief the court deems reasonable and necessary.**

## SECOND COUNT

Paragraphs 1 through 5 of the First Count are not repeated for the sake of brevity but they are made a part of this Count.

1. The **Defendant, STEVE MILLNER,** as a salesman and agent for the Defendants was not authorized at any time by **the Plaintiff, MARCO AGOSTINI**, to review his existing Dreyfus Portfolio, consisting of Mutual Funds and joint accounts with his wife Jacquelin Agostini, with the knowledge and tacit consent of his employer, **the Defendant Dreyfus Corp.**, but Steve Millner did so without authority from the Plaintiff in order to generate the sale of the Variable Annuity, in violation of the State and Federal *privacy statutes and applicable laws.*

2. The Company Policy was to allow their salesmen to look at will through the various existing accounts of the investors in Dreyfus Mutual Funds, searching to generate a pecuniary commission and a profit for DREYFUS and the BANK of NEW YORK MELLON

**WHEREFORE, the Plaintiff MARCO AGOSTINI,** demands a judgment against all the Defendants, **TRANSAMERICA, DREYFUS CORP., STEVE MILLNER, AEGON GROUP, AON INSURANCE, THE BANK OF NEW YORK MELLON, and all the UNKNOWN DEFENDANTS , as follows:**

p.3

a. money damages and fees
b. punitive damages
c. court costs and attorney's fees

### THIRD COUNT

1. Paragraphs 1 through 5 are not repeated for the sake of brevity but they are made a part of this Count.
2. The **Defendant, Christopher CIERSKI**, together with other unknown Annuity Supervisors, failed to periodically review the Plaintiff's Annuity Account, failed to provide the needed advice and failed to exercise over the Variable Annuity the proper supervision necessary to insure the type of investment, to devise and execute the proper Plan and properly allocate the principal amount of the annuity and effectively supervise the defendant Steve Millner, their subordinate and employee. The supervisors failed to remove the Defendant Steve Millner as the Plaintiff's Financial Advisor.
3. As a result of the negligence of the **Defendant Supervisor Christopher CIERSKI** and other unknown supervisors before and after his tenure, the Plaintiff, Marco AGOSTINI incurred the loss of a significant loss of money an a portion of the principal of the Variable Annuity

WHEREFORE, the Plaintiff Marco AGOSTINI demands a judgment against all the Defendants, including Steve MILLNER, Christopher CIERSKI and Supervisors of Steve Millner, known and Unknown, their employers and principals of the Defendant Corporations, jointly, severally and in the alternative, in accordance with the laws of the State of New Jersey, as follows:

      a. money damages\\
      b. punitive damages
      c. attorney's fees and costs

p.4

## FOURTH COUNT

Paragraphs 1 through 5 of the First Count are not repeated for the sake of brevity but they are made a part of this Count.

1. The Defendants have acted in a collusive fashion, tacitly conspiring to cause a financial loss to the Plaintiff, their conduct falls within the purview of the **Federal Racketeering Influence and Corrupt Organization Act, also known as the RICO Act and similar New Jersey Statutes in the marketing of the type of Securities in question.**

2. The Defendants failed to take this type of Security off the market and to promptly refund the money to the plaintiff as an investor when they were asked to do so in accordance with the directives of the New Jersey Department of Banking and Insurance and/or otherwise restore the *status quo ante.*

3. As a result of the collusive actions of the Defendants in marketing a flawed, unapproved and unsuitable security, **the Plaintiff, MARCO AGOSTINI** has incurred an irreversible, significant monetary loss

**WHEREFORE, the Plaintiff, MARCO AGOSTINI, demands a judgment against the Defendants, on this Count, for violating the RICO Act, for:**

    a. money damages
    b. triple damages
    c. Court costs and attorney's fees

_____
Marco Agostini, Plaintiff
PRO SE


The Plaintiff hereby demands a TRIAL BY JURY

_____
Marco Agostini, Plaintiff
Pro Se

Marco Agostini, Esq.
16 Silver Hill Ln.
Voorhees, NJ 08043

TRANSAMERICA
GENERAL COUNSEL, LEGAL DEPT.
4333 EDGEWOOD ROAD NE
CEDAR RAPIDS, IA 52499