LAZARE POTTER & GIACOVAS LLP
950 Third Avenue
New York, New York 10022
Telephone (212) 758-9300
Facsimile: (212) 888-0919
Attorneys for Defendants, Christopher Cierski,
Steven Millner, MBSC Service Corp., Mellon Advisors,
and Bank of New York Mellon

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
---------------------------------------------------------------x
MARCO AGOSTINI

                          Plaintiff,

v.

TRANSAMERICA LIFE INSURANCE
COMPANY, *et al.*,

                          Defendants.
---------------------------------------------------------------x
CHRISTOPHER CIERSKI

                          Counterclaim Plaintiff,

v.

MARCO AGOSTINI, and THE FINANCIAL
INDUSTRY REGULATORY AUTHORITY,

                          Counterclaim Defendants.
---------------------------------------------------------------x

Civil Action No. 09-4365 (NLH)

**ANSWER AND COUNTERCLAIM**

      Defendants Christopher Cierski, Steven Millner, Bank of New York Mellon, MBSC Securities Corporation, erroneously sued as Dreyfus Corp., and Mellon Advisors (hereinafter collectively referred to as "Defendants") by and through their attorneys, answer the Amended Complaint filed by Plaintiff, Marco Agostini (hereinafter "Agostini") as follows:

As to the First Count:

1. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the First Count of the Amended Complaint, except admit that Agostini purchased a Transamerica/Dreyfus Triple Advantage Variable Annuity, Contract No. 7867824 on or about July 20, 2000, the application for which, Defendant Steve Millner ("Millner") submitted on Agostini's behalf.

2. Defendants deny the allegations in Paragraph 2 of the First Count of the Amended Complaint.

3. Defendants admit the allegations in Paragraph 3 of the First Count of the Amended Complaint insofar as Defendant Mellon Advisors ("Mellon") is a division within Defendant MBSC Securities Corp. ("Dreyfus"), which is an indirect wholly-owned subsidiary of Defendant, The Bank of New York Mellon Corporation ("BNY"), and Millner's employer. All other allegations contained in Paragraph 3 are denied.

4. Defendants deny the allegations in Paragraph 4 of the First Count of the Amended Complaint.

5. Defendants deny the allegations in Paragraph 5 of the First Count of the Amended Complaint.

6. Defendants deny the allegations in Paragraph 6 of the First Count of the Amended Complaint.

7. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the First Count of the Amended Complaint.

8. Defendants deny the allegations in Paragraph 8 of the First Count of the Amended Complaint.

9. Defendants deny the allegations in Paragraph 9 of the First Count of the Amended Complaint.

10. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 10 of the First Count of the Amended Complaint. Defendants deny the allegations in the second sentence of Paragraph 10 of the First Count of the Amended Complaint.

11. Defendants deny the allegations in Paragraph 11 of the First Count of the Amended Complaint except Defendants admit that the Triple Advantage Variable Annuity was taken off the market; that Dreyfus continued to serve its investors who held such an annuity in their portfolios, including Agostini; and that Agostini redeemed his annuity on the date of maturity.

12. Defendants deny the allegations in Paragraph 12 of the First Count of the Amended Complaint.

13. Defendants deny the allegations in Paragraph 13 of the First Count of the Amended Complaint.

14. Defendants deny the allegations in Paragraph 14 of the First Count of the Amended Complaint.

15. Defendants deny the allegations in Paragraph 15 of the First Count of the Amended Complaint.

16. Defendants deny the allegations in the WHEREFORE clause of the First Count of the Amended Complaint.

As to the Second Count:

17. In response to Paragraph 1 of the Second Count of the Amended Complaint, Defendants repeat and incorporate by reference, paragraphs 1 through 10 of this Answer as if fully set forth herein.

18. Defendants deny the allegations in Paragraph 2 of the Second Count of the Amended Complaint.

19. Defendants deny the allegations in Paragraph 3 of the Second Count of the Amended Complaint.

20. Defendants deny the allegations in Paragraph 4 of the Second Count of the Amended Complaint.

21. Defendants deny the allegations in Paragraph 5 of the Second Count of the Amended Complaint except that Defendants admit Millner and Agostini spoke on February 11, 2004 regarding his investment in the Triple Advantage Variable Annuity and that said conversation was taped.

22. Defendants deny the allegations in Paragraph 6 of the Second Count of the Amended Complaint.

23. Defendants deny the allegations in Paragraph 7 of the Second Count of the Amended Complaint except that they admit that Millner, as the Agostini's Investment Advisor, was able to view the Agostini's investment account activity.

24. Defendants deny the allegations in Paragraph 8 of the Second Count of the Amended Complaint.

25. Defendants deny the allegations in Paragraph 9 of the Second Count of the Amended Complaint.

26. Defendants deny the allegations in the WHEREFORE clause of the Second Count of the Amended Complaint.

As to the Third Count:

27. In response to Paragraph 1 of the Third Count of the Amended Complaint, Defendants repeat and incorporate by reference, paragraphs 1 through 10 of this Answer as if fully set forth herein.

28. Defendants deny the allegations in Paragraph 2 of the Third Count of the Amended Complaint except that they admit that for a period of approximately 9 months in 2006, well after Agostini's alleged losses were incurred, Defendant Chris Cierski ("Cierski") held a supervisory position at Dreyfus wherein he supervised several investment advisors, including Millner.

29. Defendants deny the allegations in Paragraph 3 of the Third Count of the Amended Complaint.

30. Defendants deny the allegations in Paragraph 4 of the Third Count of the Amended Complaint.

31. Defendants deny the allegations in Paragraph 5 of the Third Count of the Amended Complaint.

32. Defendants deny the allegations in Paragraph 6 of the Third Count of the Amended Complaint.

33. Defendants deny the allegations in the WHEREFORE clause of the Third Count of the Amended Complaint.

As to the Fourth Count:

34. In response to Paragraph 1 of the Fourth Count of the Amended Complaint, Defendants repeat and incorporate by reference, paragraphs 1 through 10 of this Answer as if fully set forth herein.

35. Defendants deny the allegations in Paragraph 2 of the Fourth Count of the Amended Complaint except that they admit Dreyfus entered into a Joint Share Marketing Agreement with Transamerica, Inc.

36. Defendants deny the allegations in Paragraph 3 of the Fourth Count of the Amended Complaint.

37. Defendants deny the allegations in Paragraph 4 of the Fourth Count of the Amended Complaint.

38. Defendants deny the allegations in Paragraph 5 of the Fourth Count of the Amended Complaint.

39. Defendants deny the allegations in the WHEREFORE clause of the Fourth Count of the Amended Complaint.

As to the Fifth Count:

40. In response to Paragraph 1 of the Fifth Count of the Amended Complaint, Defendants repeat and incorporate by reference, paragraphs 1 through 14 of this Answer as if fully set forth herein.

41. In response to Paragraph 2 of the Fifth Count of the Amended Complaint, Defendants repeat and incorporate by reference, paragraphs 17 through 24 of this Answer as if fully set forth herein.

42. Defendants deny the allegations in Paragraph 3 of the Fifth Count of the Amended Complaint.

43. Defendants deny the allegations in Paragraph 4 of the Fifth Count of the Amended Complaint.

44. Defendants deny the allegations in Paragraph 5 of the Fifth Count of the Amended Complaint.

45. Defendants deny the allegations in Paragraph 6 of the Fifth Count of the Amended Complaint.

46. Defendants deny the allegations in the WHEREFORE clause of the Fifth Count of the Amended Complaint.

<u>As to the Sixth Count</u>:

47. In response to Paragraph 1 of the Sixth Count of the Amended Complaint, Defendants repeat and incorporate by reference, paragraphs 1 through 10 of this Answer as if fully set forth herein.

48. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Sixth Count of the Amended Complaint.

49. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Sixth Count of the Amended Complaint.

50. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Sixth Count of the Amended Complaint.

51. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Sixth Count of the Amended Complaint.

52. The allegations in Paragraph 6 of the Sixth Count of the Amended Complaint assert legal conclusions to which no responsive pleading is required. To the extent that a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Sixth Count of the Amended Complaint.

53. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the WHEREFORE clause of the Sixth Count of the Amended Complaint.

## AS FOR A FIRST DEFENSE

54. Plaintiff has failed to state any claim or cause of action for which relief can be granted.

## AS FOR A SECOND DEFENSE

55. Plaintiff is estopped from asserting any claims against Defendants, and his claims are barred upon information and belief, in whole or in part, by his unclean hands, laches, waiver, and/or estoppel.

## AS FOR A THIRD DEFENSE

56. This Court lacks personal jurisdiction over Defendant, Cierski.

## AS FOR A FOURTH DEFENSE

57. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations, as stated in the applicable laws.

## AS FOR A FIFTH DEFENSE

58. Plaintiff cannot be said to have sustained any damages based upon conduct by Defendants, since any losses he incurred were with respect to transactions that were all selected, initiated, approved of and/or ratified by Plaintiff.

## AS FOR A SIXTH DEFENSE

59. Defendants did not owe Plaintiff any fiduciary duty, as absent discretionary authority, a broker does not have a fiduciary duty to a client. However, should such a duty be found to exist between Plaintiff and Defendants, which Defendants deny, this duty was performed without issue, error or complaint.

## AS FOR A SEVENTH DEFENSE

60. Plaintiff is not entitled to any recovery as a result of his contributory and/or comparative negligence.

## AS FOR AN EIGHTH DEFENSE

61. Plaintiff's damages, if any, were the result of the negligence of other unnamed parties, and as such, Plaintiff is not entitled to any recovery from these Defendants.

## AS FOR A NINTH DEFENSE

62. If it is determined that Plaintiff is entitled to recover damages from Defendants, which Defendants deny, said damages should be reduced in an amount commensurate with Plaintiff's contributory and/or comparative negligence.

### AS FOR A TENTH DEFENSE

63. If it is determined that Plaintiff is entitled to recover damages from Defendants, which Defendants deny, said damages should be reduced in an amount commensurate with the negligence of those other unnamed parties.

### AS FOR AN ELEVENTH DEFENSE

64. Defendants' actions are not the proximate cause of Plaintiff's alleged damages.

### AS FOR A TWELFTH DEFENSE

65. To the extent that Claimants may have incurred losses, such losses were the result of unforeseen market fluctuations and volatility in the market, and were within the risks assumed.

### AS FOR A THIRTEENTH DEFENSE

66. Plaintiff has not set forth any claim that would entitle him to an award of attorneys' fees, punitive damages or pre-award interest.

### AS FOR A FOURTEENTH DEFENSE

67. Plaintiff has failed to mitigate his alleged damages.

### AS FOR A FIFTEENTH DEFENSE

68. Plaintiff's claims should be dismissed based on defenses founded upon documentary evidence.

### AS FOR A SIXTEENTH DEFENSE

69. Plaintiff has failed to plead misrepresentation and fraud with requisite particularity.

## AS FOR A SEVENTEENTH DEFENSE

70. Defendant reserves the right to assert additional defenses, and potential counterclaims, upon receipt of and review of all documents and other material or information relevant to this matter, including documentation in Plaintiff's possession.

## ALLEGATIONS COMMON TO THE COUNTERCLAIM

71. Counterclaim Plaintiff, Christopher Cierski, is currently a Senior Vice President of Investments with Dreyfus Advisor Services, a division of MBSC Securities Corporation, formerly known as Dreyfus Service Corporation ("Dreyfus"). Cierski is domiciled in the state of New York.

72. Counterclaim Defendant, Marco Agostini, is a resident and domiciliary of Voorhees, New Jersey. Agostini was and remains a customer of Dreyfus at all relevant times, and at all relevant times, Steven Millner was Agostini's assigned Investment Advisor.

73. Counterclaim Defendant, the Financial Industry Regulatory Authority ("FINRA") is an independent regulator for all securities firms and individuals doing business in the United States. FINRA is a Delaware corporation with its principal place of business in Washington, D.C. FINRA is a necessary party to this counterclaim for declaratory relief, under the terms of FINRA Rule 2080.

74. All individuals working in the securities industry in the United Stated that are registered with FINRA are subject to FINRA's rules and regulations for compliance and enforcement. Cierski is such a registered individual, and subject to FINRA's authority.

75. At the time of Agostini's initial investment in the Triple Advantage Variable Annuity (the "Annuity") in July 2000, Cierski was working as a customer service representative for Dreyfus. He had no affiliation whatsoever with the Advisor Services division of Dreyfus, wherein Millner worked as an investment advisor assigned to Agostini's account. In fact, at this time, Cierski had no supervisory responsibilities with Dreyfus whatsoever.

76. Throughout the years in which Agostini suffered a loss to his investment, Cierski had no contact with Agostini or Agostini's account. Cierski had no supervisory responsibilities with Dreyfus whatsoever. This remained true until February 2006.

77. In February 2006, Cierski was moved into a supervisory position with Dreyfus, a position that lasted until October 2006.

78. About two weeks after Cierski was moved into this supervisory role, a telephone call was transferred to his desk. The person on the line asked for his name, which Cierski provided. The caller then hung up. That person was Agostini. This was the only time Cierski and Agostini have ever spoken.

79. During Cierski's tenure as a supervisor, Agostini's investment in the Annuity was maintaining and/or increasing in its value. As such, Agostini did not incur any of his alleged damages while Cierski acted in a supervisory capacity for Dreyfus.

80. None of Cierski's actions and/or inactions as a Dreyfus supervisor, as alleged by Agostini in the First Amended Complaint, could have led to, or did lead to any alleged damages to Agostini in relation to his investment in the Annuity, as alleged in the First Amended Complaint.

81. Based solely upon that one cursory telephone conversation, Agostini named Cierski as a defendant in this case. Agostini has incorrectly alleged that Cierski is responsible for losses Agostini incurred from his July 2000 investment in the Annuity, based solely on his erroneous belief that Cierski was responsible for supervising Millner during the relevant time period.

82. Accusations of wrongdoing against investment advisors such as Cierski, are electronically recorded in a nationwide computer system (the "Central Registration Depository" or "CRD"), which is maintained by FINRA. Its contents are accessible to all regulatory and self-regulatory organizations throughout the country, and are available to all public customers and prospective employers throughout the world.

83. A record of such allegations can inflict enormous harm on an individual's career, even when the allegations are ultimately dismissed. The allegations against Defendant Cierski are entirely devoid of merit, and will cause him substantial reputational and financial harm. As such, they should be expunged from his permanent record with CRD.

## FIRST COUNTERCLAIM
### (For Declaratory Judgment)

84. Counterclaim Plaintiff, Cierski repeats and realleges paragraphs 71 through 83 as if fully set forth herein.

85. An actual controversy exists between Counterclaim Plaintiff and the Counterclaim defendants in regards to whether Cierski was properly named as a defendant in this litigation, and whether his permanent record with CRD should be expunged as a result.

86. FINRA Rule 2080 requires that any order of expungement be obtained either through FINRA arbitration and a decision by the arbitration panel, or by way of petition to a court of competent jurisdiction.

87. Agostini chose not to pursue his claims through arbitration before FINRA, and instead filed a complaint in civil court. As such, this controversy is properly before this Court, and pursuant to FINRA Rule 2080 may be decided by this Court.

88. Counterclaim Plaintiff Cierski faces incalculable damage to his professional reputation and his ability to earn a living as an investment advisor if his record remains tarnished by Agostini's erroneous allegations against him. Monetary damages will not make him whole.

89. As such, Counterclaim Plaintiff Cierski hereby seeks a declaratory judgment against both Agostini and FINRA, consisting of an Order of this Court expunging his permanent record with CRD of any and all references to the allegations made, and complaint filed by Agostini in relation to his purchase of the Annuity.

**WHEREFORE**, Defendants, Christopher Cierski, Steven Millner, The Bank of New York Mellon, MBSC Securities Corporation, erroneously sued as Dreyfus Corp., and Mellon Advisors hereby demand judgment as follows:

a) dismissing the Complaint against Defendants in its entirety with prejudice;

b) on the Counterclaim, an Order of Expungement on behalf of Defendant, Christopher Cierski;

c) awarding the Defendants their expenses and costs; and

d) awarding to Defendants such other and further relief as this Court deems just and proper.

Dated: New York, New York
April 2, 2010

LAZARE POTTER & GIACOVAS LLP

By: _____
Robert A. Giacovas
Lainie E. Cohen
950 Third Avenue
New York, New York 10022
(212) 758-9300
Attorneys for Defendants,
*Christopher Cierski, Steve Millner,
MBSC Service Corp., Mellon
Advisors, and Bank of New York
Mellon*