UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARCO AGOSTINI,<br><br>        Plaintiff,<br><br>        v.<br><br>TRANSAMERICA, et al.,<br><br>        Defendants.<br><br>CHRISTOPHER CIERSKI<br><br>        Counterclaim Plaintiff,<br><br>        v.<br><br>MARCO AGOSTINI, and THE FINANCIAL INDUSTRY REGULATORY AUTHORITY,<br><br>        Counterclaim Defendants. | Civil Action No.<br>09-4365-NLH-JS<br><br>**OPINION & ORDER** |

**HILLMAN, District Judge**

    This matter having come before the Court on Counterclaim Plaintiff Christopher Cierski's (hereinafter "Cierski") Motion for Summary Judgment (Doc. 64); and

    IT APPEARING THAT on April 5, 2010, Cierski filed a Counterclaim for a declaratory judgment against Counterclaim Defendants Marco Agostini (hereinafter "Agostini") and the Financial Industry Regulatory Authority (hereinafter "FINRA")[1];

---

[1] This Counterclaim is the only matter remaining in this litigation.  In February 2010, Plaintiff Agostini signed a release and settled all his claims against all Defendants. Agostini's claims arose from damages sustained in a Dreyfus/Transamerica Triple Advantage Variable Annuity investment

and

    IT FURTHER APPEARING THAT neither Agostini or FINRA opposes entry of summary judgment; and

    IT FURTHER APPEARING THAT on June 17, 2010, FINRA sent this Court a letter indicating that FINRA "reviewed the underlying pleadings and related settlement documents . . . [and] determined that it will not oppose the anticipated motion . . . [and] will not enter an appearance in this matter." (Doc. 67); and

    THE COURT NOTING THAT on March 13, 2006, Agostini lodged a customer complaint with MBSC Securities Corporation, naming Cierski as a culpable party partly responsible for Agostini's losses stemming from his investment in a Dreyfus/Transamerica Triple Advantage Variable Annuity (hereinafter "Annuity"); and

    THE COURT FURTHER NOTING THAT on July 2, 2009, Agostini filed a Complaint with the Superior Court of New Jersey, County of Camden, naming Cierski as a Defendant under the belief that he was partially responsible for Agostini's investment loss; and

    THE COURT FURTHER NOTING THAT these claims were solely limited to Cierski's alleged negligent supervision of the investment advisor that recommended the Annuity to Agostini; and

    THE COURT FURTHER NOTING THAT because Cierski's name was included on Agostini's Complaint, Cierski's registration records with the Central Registration Depository (hereinafter "CRD") now

---

he purchased in July 2000.

contain reference to the lawsuit filed July 2, 2009 and Agostini's March 13, 2006 complaint; and

    THE COURT FURTHER NOTING THAT the references to the customer complaint and lawsuit will cause harm to Cierski's professional reputation as an investment advisor; and

    THE COURT FINDING THAT at the time Agostini purchased the Annuity, Cierski was a customer service representative with no supervisory duties, and was located in a separate department from the Advisor Services department where the individual that sold Agostini the annuity worked; and

    THE COURT FURTHER FINDING THAT Cierski did not serve in any supervisory capacity during the time period in which Agostini's losses incurred or when Agostini purchased the Annuity; and

    THE COURT FURTHER FINDING THAT Agostini had no contact with Cierski at the time Agostini purchased the Annuity or when he sustained the losses sought in the lawsuit; and

    THE COURT FURTHER FINDING THAT Cierski was named in the Complaint because he was the only supervisor's name Agostini knew at the time of filing; and

    THE COURT FURTHER FINDING THAT the only communication between Agostini and Cierski occurred in February 2006 when Agostini telephoned Dreyfus and requested to speak with a

supervisor and was subsequently transferred to Cierski[2]; and

THE COURT FURTHER FINDING THAT Cierski was not a proper party to Agostini's lawsuit; and

THE COURT FURTHER FINDING THAT FINRA has independently determined that Cierski was erroneously named as a Defendant and was not the correct Defendant to this action; and

THE COURT FURTHER FINDING THAT there is no dispute of material fact; and

THE COURT FURTHER FINDING THAT because Cierski was not involved in the alleged investment-related sales practice violation and the claim against him is both factually impossible and clearly erroneous, Cierski is entitled to a declaratory judgment expunging his record with CRD with respect to the lawsuit filed July 2, 2009 and the March 13, 2006 complaint;

Therefore,

**IT IS HEREBY** on this 23rd day of November, 2010,

**ORDERED** that Cierski's unopposed Motion for Summary Judgment (Doc. 64) is **GRANTED**; and it is further

**ORDERED** that Cierski is entitled to a declaratory judgment on his Counterclaim against Agostini and FINRA because he was not involved in the alleged investment-related sales practice violation alleged by Agostini in his July 2009 lawsuit and March

---

[2] This very brief conversation only consisted of Agostini requesting the name of the supervisor to whom he was speaking. After learning Cierski's name, Agostini hung up.

2006 complaint, and the claim made against Cierski was clearly erroneous; and it is further

   **ORDERED** that Cierski is entitled to expungement of his registration records with the CRD of all references to both the complaint against him originally lodged on March 13, 2006 with MBSC Securities Corporation, and the Complaint originally filed in the Superior Court of New Jersey, County of Camden Docket No. L-3397-09, captioned <u>Marco Agostini v. Transamerica Occidental Life Ins., et al.</u>, which was removed to the U.S. District Court, District of New Jersey, Camden Division, Civil Action No. 09-4365, on August 26, 2009; and it is further

   **ORDERED** that FINRA shall expunge from the CRD, all references to both the complaint against Cierski originally lodged on March 13, 2006, with MBSC Securities Corporation, and the Complaint originally filed in the Superior Court of New Jersey, County of Camden, Docket No. L-3397-09, captioned <u>Marco Agostini v. Transamerica Occidental Life Ins., et al.</u>, which was removed to the U.S. District Court, District of New Jersey, Camden Division, Civil Action No. 09-4365, on August 26, 2009; and it is further

   **ORDERED** that the Clerk of the Court is directed to mark this matter as **CLOSED.**

At Camden, New Jersey           s/ Noel L. Hillman
                                NOEL L. HILLMAN, U.S.D.J.